THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH NIOKLAS, Appellant.—

Christ, P. J., Rabin, Munder, Latham and Kleinfeld, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PERRY PAULDING, Appellant.—

Christ, P. J., Rabin and Hopkins, JJ., concur; Munder, J., dissents and votes to affirm the order, with the following memorandum, in which Martuscello, J., concurs: In my opinion, defendant failed to prove his plea of guilty was coerced. His claim of coercion is based on an alleged threat by the Trial Judge that if defendant insisted on standing trial for robbery in the first degree he would be sentenced to a term of 20 to 30 years in prison, but if he plead guilty his sentence would be 10 to 20 years. The record shows that this alleged threat was transmitted to defendant by the prison rabbi. The rabbi's testimony, however, shows that what the Trial Judge did was to "indicate" or "point out" (to use the rabbi's words) he was prepared to impose a sentence less than the maximum if defendant co-operated, i.e., if defendant "pleaded guilty and saved the tax-payers considerable sums". The trial was in its seventh day and the People had rested after apparently offering substantial evidence of defendant's guilt. The rabbi advised defendant to take the plea. Defendant's attorney had no objection. The sentence imposed was the sentence promised. In this context, it cannot be seriously claimed that defendant was so gripped by fear that he could not rationally weigh the advantages of continuing with the trial against the advantages of pleading guilty (see Brady v. United States, 397 U. S. 742). The case cited by the majority, People v. Wright (15 A D 2d 462, affd. 11 N Y 2d 1093), is distinguishable. There the Trial Judge, in remarks made directly to the defendant, made clear that if the defendant insisted on going to trial the sentence imposed would greatly exceed that which would be imposed upon a plea. This threat of a harsher sentence destroyed the voluntariness of the plea that followed. Here, defendant's plea was entered upon the advice of someone he trusted and who had defendant's welfare in mind. The plea was carefully considered and voluntary. The finding to that effect should be affirmed.